IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

GREAT FALLS DIVISION

| | | |
|---|---|---|
| LYLE PERRY TAGGART, | ) | Cause No. CV 06-17-GF-SEH-CSO |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | FINDINGS AND RECOMMENDATION |
| | ) | OF U.S. MAGISTRATE JUDGE |
| DR. LIZ RANTZ, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

On March 6, 2006, Plaintiff Lyle Taggart moved to proceed in forma pauperis with this action under 42 U.S.C. § 1983. Taggart is a state prisoner proceeding pro se.

**I. Preliminary Screening**

Pursuant to the federal statutes governing proceedings in forma pauperis and proceedings by prisoners, federal courts must engage in a preliminary screening of cases to assess the merits of the claims. 28 U.S.C. §§ 1915(e)(2), 1915A(a); 42 U.S.C. § 1997e(c)(1); Lopez v. Smith, 203 F.3d 1122, 1126 (9th Cir. 2000) (en banc). The court must identify cognizable claims, or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief

FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE / PAGE 1

can be granted, or if the complaint seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. §§ 1915(e)(2), 1915A(b); 42 U.S.C. § 1997e(c)(1).

Although the statute requires a dismissal for the reasons stated, it does not deprive the district court of its discretion to grant or deny leave to amend.  Lopez, 203 F.3d at 1127.  The court can decline to grant leave to amend if "it determines that the pleading could not possibly be cured by the allegation of other facts."  Id. (quoting Doe v. United States, 58 F.3d 494, 497 (9th Cir. 1995)).  Leave to amend is liberally granted to pro se litigants unless it is "absolutely clear that the deficiencies of the complaint could not be cured by amendment."  Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987) (citing Broughton v. Cutter Labs., 622 F.2d 458, 460 (9th Cir. 1980)).  Additionally, the courts must liberally construe pro se pleadings.  Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

## II. Taggart's Allegations

Taggart alleges that Defendant Dr. Rantz, as Medical Director of the Montana Department of Corrections, follows a policy of delaying surgery to repair hernias until they become strangulated and life-threatening.  Taggart claims that this policy has resulted in his hernia growing to the size of a small orange and that it causes him pain when he bends over.  See Compl. (Court's doc. 2) at 6, ¶ IV.A.1(24); id. ¶ IV.A.2(1).

Taggart also contends that Defendant Dr. Garrett, the Regional Medical Director for Corrections Corporation of America, delayed or denied other doctors' requests for colonoscopy,[1] a CT scan, and ultrasound of Taggart's stomach. Id. at 4, ¶ IV.A.1(12)-(13); id. at 5, ¶ IV.A.1(15)-(16); id. at 6, ¶ IV.A.2(2).

Taggart asserts that medication prescribed to treat his colitis was withheld for twenty days because it was a nonformulary drug, by which he probably means that it was not on a list of medications pre-approved for use in the prison environment. Id. at 5, ¶ IV.A.1(22)-(23). He does not identify the Defendant who was responsible for this decision. However, in the amendment to his Complaint, Taggart asserts that Garrett and Defendant Underwood denied a medication called "Flo-Max" between March 28 and April 21, 2006, and that Rantz failed to respond to his grievance on this issue. See Am. to Compl. (Court's doc. 7) at 4, ¶ IV(23)-(24).

Also in the amendment to his Complaint, Taggart claims that Defendant Underwood was "verbally abusive" and ordered him out of the prison infirmary on March 9, 2006. As a result, Taggart asserts, he missed a day's dose of his prescribed antidepressant medication. Because he believed he could no longer obtain medical treatment at Crossroads, Taggart filed a grievance against

---

[1] Presumably this is what Taggart means by "colonoctopy."

FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE / PAGE 3

Underwood.  On March 29, 2006, Taggart had a pseudo-seizure[2] in the cafeteria, a result, he alleges, of the stress caused by Underwood's throwing him out of the infirmary on March 9.  Taggart also asserts that Underwood treated him with "maliciousness and callousness and deliberate indifference" while he was suffering the seizure in the cafeteria.  Taggart does not explain what actually happened.  However, he does say that Underwood failed to follow the prescribed treatment for Taggart's seizures.  Taggart also complains that Underwood wrote him up for a disciplinary violation, which was later dismissed, in retaliation for Taggart's earlier grievance against Underwood and in an attempt to discredit him.  See Am. to Compl. at 2-3, IV(1)-(4), (10)-(16).

Taggart alleges that Defendant MacDonald "delayed and hindered" his efforts to resolve the situation with Underwood through the grievance procedure and "hindered" his right to due process by failing to report charges of prisoner abuse to the authorities.  Taggart claims that Defendants MacDonald and Law have tried "to cover up and conceal this incident from the proper authorities."  Id. at 4-5, ¶ V(2)-(3).

For his relief, Taggart seeks injunctive and declaratory relief and compensatory and punitive damages.  See Compl. at 7, ¶

---

[2] Taggart states that he has a documented history of this malady.  See, e.g., Am. Compl. (Court's doc. 13) at 2-4, ¶¶ 1-14, Taggart v. MacDonald, No. CV 03-107-GF-SEH-CSO (D. Mont. filed Jan. 21, 2004).

FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE / PAGE 4

VI; Am. to Compl. at 5, ¶ VII.

### III. Analysis

Some of Taggart's claims, liberally construed, are sufficient to warrant service on Defendants Rantz, Garrett, and Underwood. In a separate Order, the Court directs service of those Defendants. The following claims, however, should be dismissed.

#### A. "Verbal Abuse"

As Taggart has been informed previously:

> "[V]erbal harassment or abuse ... is not sufficient to state a constitutional deprivation under 42 U.S.C. § 1983." Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987) (citation and internal quotation omitted). See also Freeman v. Arpaio, 125 F.3d 732, 738 (9th Cir. 1997); Keenan v. Hall, 83 F.3d 1083, 1092 (9th Cir. 1996), amended by 135 F.3d 1318 (9th Cir. 1998). A constitutional claim based on verbal abuse might arise if the comments were "unusually gross even for a prison setting" or if they "were calculated to and did cause him psychological damage." See Keenan, 83 F.3d at 1092.

Findings and Recommendation at 19, Taggart v. MacDonald, No. CV 03-107-GF-SEH-CSO (D. Mont. Apr. 8, 2004).

Here, Taggart fails to state a claim against Defendant Underwood based on allegations of Underwood's "verbal abuse." Only in a truly extraordinary case might statements by prison staff to prisoners violate the Eighth Amendment. Even threats of physical harm do not violate constitutional standards. See, e.g., Gaut v. Sunn, 810 F.2d 923, 925 (9th Cir. 1987) (per curiam) ("it trivializes the [E]ighth [A]mendment to believe a threat constitutes a constitutional wrong."). Taggart does not report the

FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE / PAGE 5

words Underwood used, nor does he describe the effect of Underwood's words in terms that would approach constitutional dimensions. See, e.g., Keenan v. Hall, 83 F.3d 1083, 1092 (9th Cir. 1996). The Court has no doubt that he would have made such allegations in his Complaint or in the amendments to his Complaint if any facts existed to support them. The claim should be dismissed with prejudice.

### B. Grievance Procedure

Although prisoners have a right to petition the government for redress of grievances, see U.S. Const. Amend. I, "[t]here is no legitimate claim of entitlement to a grievance procedure." Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988) (citing Shango v. Jurich, 681 F.2d 1091, 1100 (7th Cir. 1982), and Azeez v. DeRobertis, 568 F. Supp. 8, 10 (N.D. Ill. 1982)). Taggart does not claim that either MacDonald or Law prevented him from voicing his grievances. At most, he claims that they violated policy, but violations of facility or State policy are not sufficient to confer liability under 42 U.S.C. § 1983. See, e.g., Case v. Kitsap County Sheriff's Dep't, 249 F.3d 921, 929-30 (9th Cir. 2001) (citing cases). The Court must conclude that he suffered no legally cognizable injury as a result of the fact that prison officials did not respond to all of his complaints or did not report to local law enforcement personnel Taggart's allegation that someone had committed the crime of prisoner abuse. This claim should be dismissed with prejudice.

Because Defendants MacDonald and Law are named only in connection with Taggart's attempts to make complaints, they should be dismissed from the action.

**C. Declaratory Relief**

"Declaratory relief should be denied when it will neither serve a useful purpose in clarifying and settling the legal relations in issue nor ... afford relief from the uncertainty and controversy faced by the parties." United States v. Washington, 759 F.2d 1353, 1357 (9th Cir. 1985) (en banc).  Circuit law counsels against granting declaratory relief as to "a wholly past violation of federal law." Los Angeles County Bar Ass'n v. Eu, 979 F.2d 697, 704 (9th Cir. 1992).  Taggart's claims for damages will require resolution of the legal and factual issues he presents. Consequently, declaratory relief would serve no purpose that cannot be served by other remedies.  His request for declaratory judgment should be dismissed.

Based on the foregoing, the Court enters the following:

**RECOMMENDATION**

1.  Taggart's claims for "verbal abuse," claims regarding the grievance procedure or reports of abuse to law enforcement, and request for declaratory relief should be DISMISSED WITH PREJUDICE.

2.  Defendants MacDonald and Law should be DISMISSED.

The Clerk of Court shall serve a copy of the Findings and Recommendation of the United States Magistrate Judge upon the Plaintiff. Plaintiff is advised that, pursuant to 28 U.S.C. § 636, any objections to these findings must be filed or delivered to prison authorities for mailing within twenty (20) calendar days[3] after the entry date reflected on the Notice of Electronic Filing, or objection is waived.

<u>Plaintiff must immediately inform the Court of any change in his mailing address.</u>

DATED this 24th day of October, 2006.

>   /s/ Carolyn S. Ostby
>   Carolyn S. Ostby
>   United States Magistrate Judge

---

[3] In prisoner cases, this Court extends the time to object to twenty days in order to take into account the Supreme Court's ruling in <u>Houston v. Lack</u>, 487 U.S. 266, 270-71 (1988), and the somewhat greater mailing time that is involved in sending documents into and out of a prison facility.

FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE / PAGE 8